T.C. Summary Opinion 2002-121


UNITED STATES TAX COURT


DELBERT C. GETMAN, Petitioner $v$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10742-01S.               Filed September 23, 2002.

Delbert C. Getman, pro se.

Blaine C. Holiday, for respondent.


COUVILLION, Special Trial Judge:  This case was heard pursuant to section 7463 in effect when the petition was filed.[1] The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $6,412 in petitioner's 1996 Federal income tax.

_____

[1]   Unless otherwise indicated, section references hereafter are to the Internal Revenue Code in effect for the year at issue.

The sole issue for decision is whether, under section 61(a), a special longevity payment to petitioner, as a retiree, from his former employer during 1996 is includable in gross income, or whether such payment is excludable from gross income as a gift under section 102(a).

Some of the facts were stipulated. Those facts and the accompanying exhibits are so found and are incorporated herein by reference. Petitioner's legal residence at the time the petition was filed was Bloomington, Minnesota.

Petitioner is an attorney and, except for a brief period in the practice of law, was employed on the editorial staff of West Publishing Co. (the Company), a legal publishing company, at St. Paul, Minnesota. Petitioner began his employment with the Company on July 1, 1954 and retired on December 1, 1979, a period in excess of 25 years. Petitioner's former employer was highly successful in the legal publishing business and enjoyed an excellent relationship with its employees.

In early 1996, the Company announced to its employees and retirees that the Company would be acquired in a merger with the Thomson Corp. of Stamford, Connecticut. Sometime in June 1996, the merger was completed, and West Information Publishing Group became the surviving entity. Petitioner, as a retiree, received a letter from the Company, his former employer, in June

1996, which, in addition to announcing completion of the merger, stated:

> West's past success and our future growth, as the legal publishing headquarters for Thomson, is a reflection of the tremendous effort of the entire West community.  As announced in February, the Board of Directors approved the special payout of $1,000 for each year of service, with a minimum of $5,000 and a maximum of $25,000 per eligible employee/retiree.  The special payment, subject to applicable tax withholding and any other deductions required by law, will be distributed on June 24, 1996, in recognition of the contributions of the more than 6,000 full-time employees and retirees.
>
> It is our understanding that under current Social Security law, your Social Security earnings should not be negatively affected.  However, you must report the payment to Social Security as a "Special Payment" that is the result of your prior years of West service.  A letter detailing the information you will need to provide to Social Security will be sent to you with the special payment check.

Shortly thereafter, petitioner received a payment of $25,000 from the Company.  The accompanying cover letter stated, in part, that the "special payment" was subject to "applicable tax withholding and any other deductions required by law" and advised that, if the recipient was a retiree and was receiving Social Security benefits, the Social Security Administration should be notified that the $25,000 payment was attributable to years of service prior to 1996 to avoid any diminution of such retiree's Social Security benefits due to income "earned" in 1996.  Petitioner notified the Social Security Administration.

In early 1997, the Company issued to petitioner a Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., with respect to the $25,000 payment to petitioner during 1996.[2]

On his Federal income tax return for 1996, petitioner did not include the $25,000 as income on his return.  Petitioner attached to his return a statement acknowledging receipt of the $25,000 but claiming that the payment was a gift and, therefore, was excludable from gross income.

In the notice of deficiency, respondent determined that the $25,000 payment petitioner received from his former employer during 1996 was includable in gross income.

Section 61(a) defines income for income tax purposes as "all income from whatever source derived" and spells out a number of examples of such income.  Section 102(a), on the other hand, specifically states that "Gross income does not include the value of property acquired by gift, bequest, devise, or inheritance." In Commissioner v. Duberstein, 363 U.S. 278, 285-286 (1960), the Supreme Court stated:

> the mere absence of a legal or moral obligation to make such
> a payment does not establish that it is a gift. * * *  And,

---

[2]     The parties did not offer into evidence a copy of the Form 1099-R, although petitioner acknowledged that Federal and State income taxes were withheld from his $25,000 payment, and such withholdings were reflected on the Form 1099-R.

importantly, if the payment proceeds primarily from "the constraining force of any moral or legal duty," or from "the incentive of anticipated benefit" of an economic nature, * * * it is not a gift. And, conversely, "Where the payment is in return for services rendered, [it] is irrelevant that the donor derives no economic benefit from it." * * * A gift in the statutory sense, on the other hand, proceeds from a "detached and disinterested generosity," * * * "out of affection, respect, admiration, charity or like impulses." * * * And, in this regard, the most critical consideration, as the Court was agreed in the leading cases here, is the transferor's "intention." * * * "What controls is the intention with which payment, however voluntary, has been made." * * *

The record does not support a finding that the $25,000 payment to petitioner, a former employee of the Company, was intended to be a gift. To be sure, while petitioner's former employer was grateful to current and retired employees, including petitioner, for their services to the Company over the years, the record reflects that the payment in question was not imbued with any characteristics that would make it a gift under the principles recited above. To the contrary, the Company considered the payment as compensation for services rendered, and this is reflected by the Company's issuance of an IRS Form 1099-R and the withholding of Federal and State income taxes on the payment. Moreover, the Company was careful to point out that the payment was not to be considered a payment for services rendered during the year of the payment, 1996 (to avoid reduction of Social Security benefits by retired recipients). However,

implicit in such statement is that the payment represented compensation for services rendered for years prior to 1996.

Petitioner's position at trial was that, in Bogardus v. Commissioner, 302 U.S. 34 (1937), similar payments were made to former employees of a merged corporation, and those payments were held to be gifts. In that case, however, the Supreme Court found that the facts and circumstances clearly reflected an intention to make a gift, and, accordingly, the payments to employees and former employees were not includable in gross income. The facts in this case, however, do not establish an intention by the Company to make a gift to its former employees or that it proceeded from a detached and disinterested generosity out of affection, respect, admiration, charity, or like impulses. The Company's intention, as reflected in the record before the Court, was an appreciation for the services of its present and former employees and the Company's desire to enhance the compensation of its employees and retirees for their past services. Respondent is sustained on this issue.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.